UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| YUSEF L. JACKSON, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV414-193 |
| WARDEN, FCI WILLIAMBURG, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Yusef L. Jackson petitions under 28 U.S.C. § 2254 for relief from a 2011 conviction. Doc. 1. Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that it is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. A jury found Jackson guilty of possession of a firearm during the commission of a crime. His conviction was affirmed on June 12, 2013. *Jackson v. State*, 322 Ga. App. 196, 196 (2013); *see also* doc. 1 at 2 (Jackson confirms this). Jackson took no further appeal, nor sought no collateral relief from there. He signed his § 2254 petition 447 days later (September 2, 2014), doc. 1 at 14, and in it he raises ineffective assistance of counsel claims.

*Id.* at 6, 7, 11. The § 2254 form petition that he used asked him whether he was late under 28 U.S.C. § 2244(d)'s 365-day time bar. Doc. 1 at 13. He concedes the following:

> Under defense counsel's misguided information of a 4 years filing period, I am filing this petition 80 days outside of the statute of limitations, because of my due diligence I hope that this court would consider this petition for habeas review.

*Id.*

Liberally construing his *pro se* petition, Jackson pleads the equitable tolling exception to § 2244(d)'s 365-day time bar.[1] But "attorney negligence is not a basis for equitable tolling, especially when

---

[1] As the Eleventh Circuit explains:

> The one-year limitations period is subject to equitable tolling, which applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted). Equitable tolling is an "extraordinary remedy" reserved for "rare and exceptional circumstances." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). To establish entitlement to equitable tolling, a petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (quotation marks omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

*Gillman v. Sec'y, Fla Dept. of Corr.*, 2014 WL 3953410 at * 2 (11th Cir. Aug. 14, 2014).

2

the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline," *Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005), and that negligence obviously includes negligent advice.

Indeed, Jackson was not even entitled to that advice since he has no right to postconviction counsel. *See Summers v. Patrick*, 535 F. Supp. 2d 995, 999 (C.D. Cal. 2008) (habeas petitioner had no right to attorney's advice regarding statutory time limits for seeking post-conviction relief, and thus was not entitled to equitable tolling of statutory period for seeking federal habeas relief due to fact that she did not receive such gratuitous advice), *cited in Cisneros v. Baker*, 2014 WL 4375290 at * 6 (D. Nev. Sept. 2, 2014); *see also id.* ("the general negligence of counsel and the miscalculation of the limitations period by counsel do not constitute extraordinary circumstances sufficient to warrant equitable tolling."). Since Jackson's claims are time barred, his § 2254 petition must be **DISMISSED WITH PREJUDICE**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this preliminary review stage of the litigation, so no COA should issue. 28 U.S.C. §

2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3). Finally, Jackson's motion for leave to file this case *in forma pauperis* (doc. 2) is **DENIED** as moot (he has since paid the $5 fee).

**SO REPORTED AND RECOMMENDED** this 23rd day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA